UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY ODELL DERRICK,

Plaintiff,

Case No. 26-cv-12210
Honorable Linda V. Parker

v.

KIMBERLY M. LEEDS, et. al.,

Defendants,
____________________________________/

# OPINION AND ORDER SUMMARILY DISMISSING THE CIVIL RIGHTS COMPLAINT

Plaintiff Corey Odell Derrick, a prisoner incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983.[1] For the reasons that follow, the Complaint is dismissed without prejudice.

## I. Standard of Review

Derrick has been allowed to proceed without prepayment of fees in this matter pursuant to 28 U.S.C. § 1915(a). (ECF No. 4.). In that instance, the Court must screen his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which states:

[1] On July 5, 2026, this Court ordered Derrick to file an amended complaint in conformity with Federal Rule of Civil Procedure Rule 8. (ECF No. 4.) Derrick filed his amended pleading on July 16. (ECF No. 6.)

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Sua sponte dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F.3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a claim under 42 U.S.C. § 1983, a civil rights plaintiff must show that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

## II. Complaint

In 2025, Derrick was formally charged with first-degree criminal sexual conduct, second-degree criminal sexual conduct, unlawfully driving away an automobile, and being a fourth felony habitual offender for an incident that allegedly occurred on January 1, 2017. On August 12, 2025, a preliminary examination was conducted in the 53rd District Court in Livingston County, Michigan, after which Derrick was apparently bound over for trial. (*See* ECF No. 1 at PageID.41). He filed a motion to quash and dismiss the charges and a motion to quash the search warrant and suppress the evidence. Following a hearing on April 3, 2026, the state court denied the motions. (*Id.* at PageID.43-54).

On or about April 24, 2026, Derrick, through counsel, filed an interlocutory appeal with the Michigan Court of Appeals to challenge the trial court's decision.

(*Id.* at PageID.32, 67). The prosecutor filed a brief opposing the interlocutory appeal. (*Id.* at PageID.76-90). The interlocutory appeal was still pending when Derrick filed his original and amended complaints here. However, on July 29, 2026, the Michigan Court of Appeals denied Derrick leave to appeal. *People v. Derrick,* No. 380453 (Mich. Ct. App. July 29, 2026). [2] There is no indication that Derrick has filed an application for leave to appeal with the Michigan Supreme Court, although he has fifty six days from the date of the Michigan Court of Appeals' decision to do so. *See* Mich. Ct. R. 7.305(C)(2)(a).

In his Amended Complaint here, Derrick challenges his pending criminal prosecution in the Livingston County Circuit Court. He alleges *inter alia* that he has (1) been denied the right to represent himself at trial, (2) that Defendant Leeds, a law enforcement officer, acted in bad faith when she sought two warrants to obtain Derrick's DNA without informing the state court that she had destroyed vital DNA evidence and violated Derrick's Fourth Amendment rights by going to Macomb County, outside of her jurisdiction, to obtain the DNA evidence; (3) Defendant Herbert, an inspector for the Michigan Department of Corrections, violated Derrick's Fourth Amendment rights by using threats of force and violence

[2] https://www.courts.michigan.gov/c/courts/coa/case/380453. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See Daniel v. Hagel*, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014).

to obtain a DNA sample from Plaintiff; and (4) the prosecutor, Defendant Carolyn Henry, and the public defender, Defendant Mary Ellen Hayes, have violated Derrick's right to due process by refusing to enforce the constitutional law. Derrick seeks monetary damages and an order to have his civil liberties and driver's license restored. He wants this Court to sanction Defendants.

**III. Discussion**

This action is subject to summary dismissal for several reasons.

First, it is unclear whether Derrick is seeking to sue the state court judge presiding over the criminal proceedings, Judge Geddis. Plaintiff named Judge Geddis as a co-plaintiff in the initial Complaint. This Court dismissed her. (ECF No. 4 at PageID.276-77). Derrick then included her as a Defendant in the Amended Complaint. Judge Geddis is immune from suit, however.

Derrick sues Judge Geddis for her role in the criminal proceedings. In that role, she is entitled to absolute judicial immunity. Judges and judicial employees are entitled to absolute judicial immunity on claims for damages. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly, or in excess of jurisdiction). The 1996 amendments to § 1983 extended absolute immunity for state judges to requests for injunctive or equitable relief. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial

officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"); *see also Kipen v. Lawson*, 57 F. App'x 691 (6th Cir. 2003) (discussing federal judges' immunity); *Kircher v. City of Ypsilanti*, 458 F. Supp. 2d 439, 446-47 (E.D. Mich. 2006).

Defendant Carolyn Henry is immune as she is being sued based on her role as the prosecuting attorney in Derrick's criminal matter. "Absolute prosecutorial immunity, like absolute judicial immunity, is a common law principle that shields a prosecutor from § 1983 liability." *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000). A prosecutor has absolute immunity for all acts "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). The Sixth Circuit has held:

> Those acts that occur in the course of the prosecutor's role as an advocate for the state, e.g., acts taken to prepare for the initiation of judicial proceedings or to prepare for trial, are protected by absolute immunity. By contrast, a prosecutor who "performs the investigative functions normally performed by a detective or police officer" such as "searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested" is entitled only at most to qualified immunity.

*Cooper*, 203 F.3d at 947 (internal citations omitted). As with judicial immunity, the motives of the prosecutor are irrelevant for purposes of immunity. *Eldridge v. Gibson*, 332 F.3d 1019, 1021 (6th Cir. 2003). Indeed, absolute prosecutorial

immunity is not overcome by a showing that the prosecutor acted wrongfully or maliciously. *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989). Derrick's claims against Henry must be summarily dismissed.

Derrick's claims against Defendant Mary Ellen Hayes, the attorney defending him in the criminal proceedings also must be dismissed as this defendant is not a state actor within the meaning of § 1983. Court appointed attorneys or public defenders performing a lawyer's traditional functions as counsel to a criminal defendant do not "act under color of state law" and are therefore not subject to suit under § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 317 (1981). Even though the defective performance of a criminal defense attorney may cause the legal process to deprive an accused criminal defendant of his or her liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional action does not act under the color of state law within the meaning of § 1983. *See Briscoe v. Lahue*, 460 U.S. 325, 329, n.6 (1983); *see also Floyd v. Cnty. of Kent,* 454 F. App'x 493, 497 (6th Cir. 2012) (public defender could not be liable in § 1983 suit for ineffective assistance of counsel brought by former client, as he did not act under color of state law when performing traditional functions as counsel for the accused); *Bomer v. Muechenheim*, 75 F. App'x 998, 999 (6th Cir. 2003) (criminal defendant's appellate attorney was not state actor, and thus was not subject to suit under § 1983); *Dunning v. Yuetter*, 12 F. App'x 282, 284 (6th Cir.

2001) (criminal defense attorneys did not act under color of state law, for purpose of § 1983); *White v. Robertson-Deming*, 9 F. App'x 418, 419-20 (6th Cir. 2001) (state appellate defenders who represented inmate on appeal were not state actors for purpose of § 1983). Defendant Hayes also is dismissed from the case.

To the extent that Derrick seeks an injunction to terminate his pending criminal prosecution, this Court abstains from enjoining a pending state court prosecution. In *Younger v. Harris*, 401 U.S. 37, 45 (1971), the United States Supreme Court held that federal courts should not enjoin pending state criminal proceedings except in a "very unusual circumstance" where an injunction is necessary to prevent "both great and immediate" irreparable injury. The cost, anxiety, and inconvenience of a defendant having to defend against a single criminal prosecution cannot be considered by themselves to constitute irreparable injury. Instead, the threat to a state criminal defendant's federally protected rights must be one that "cannot be eliminated by his defense against a single criminal prosecution." *Id.* at 46. Moreover, "[t]he existence of a 'chilling effect', even in the area of First Amendment rights, had never been considered a sufficient basis, in and of itself, for prohibiting state action." *Younger,* 401 U.S. at 46. The holding in *Younger* was based on principles of equity and upon the "more vital consideration" of the principles of comity and federalism. *Younger,* 401 U.S. at 44. Thus, in cases in which a criminal defendant is seeking to enjoin ongoing state court

proceedings, whether they be criminal, civil, or administrative, federal courts should not exercise jurisdiction, but should normally dismiss the case in its entirety. *Kish v. Mich. State Bd. of Law Examiners,* 999 F. Supp. 958, 965 (E.D. Mich. 1998) (internal citations omitted).

A federal court employs three factors when determining whether *Younger* abstention applies: (1) there must be pending or ongoing state judicial proceedings; (2) the proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982); *GTE Mobilnet of Ohio v. Johnson*, 111 F.3d 469, 481 (6th Cir. 1997).

As to the first factor, a state criminal prosecution is pending in the state courts if at the time of the filing of the federal complaint, not all state appellate remedies have been exhausted. *See Tesmer v. Granholm,* 114 F. Supp. 2d 603, 612 (E.D. Mich. 2000) (quoting *Mounkes v. Conklin,* 922 F. Supp. 1501, 1511 (D. Kan. 1996)). Turning to the second factor, "there is no question that the ongoing prosecution implicates important state interests." *Davis v. Lansing*, 851 F.2d 72, 76 (2nd Cir. 1988); *see also Hansel v. Town Ct. for Town of Springield,* 56 F.3d 391, 393 (2nd Cir. 1995) ("it is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one"). Lastly, opportunities are available for Derrick to challenge the constitutionality of any

pending criminal charges or any convictions in the state courts. *See Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995).

The *Younger* doctrine applies to Derrick's claims because they relate to his pending state criminal prosecution. Derrick's claim that he is being denied the right to self-representation in his pending criminal case is subject to the *Younger* abstention doctrine. *See Leveye v. Metro. Pub. Def.'s Off.*, 73 F. App'x 792, 794 (6th Cir. 2003). Plaintiff's Fourth Amendment claims certainly fall within the ambit of *Younger*. *See Feaster v. Miksch*, 846 F.2d 21, 22-24 (6th Cir. 1988) (§ 1983 action brought by criminal defendant against police officers for damages was subject to abstention under *Younger v. Harris*, as disposition of § 1983 action would involve ruling on validity of search warrant which was at issue in pending state criminal proceeding), *abrogated on other grounds by Schilling v. White,* 58 F.3d 1081 (6th Cir. 1995). Derrick's related claim that one or more defendants destroyed evidence is likewise subject to the *Younger* abstention doctrine. *See Hamas v. Shiawassee Cnty.*, No. 23-1924, 2024 WL 1636581, at *1 (6th Cir. Mar. 28, 2024).

These factors support the Court abstaining from issuing injunctive relief with respect to Derrick's state-court criminal proceedings. Moreover, should Derrick be convicted, he would have to exhaust his available state court appellate remedies with the Michigan Court of Appeals and the Michigan Supreme Court

prior to seeking federal relief. For purposes of *Younger,* a state's trial and appeals process is "treated as a unitary system" and a party may not obtain federal intervention "by terminating the state judicial process prematurely" by foregoing state appeals to attack the trial court's judgment in federal court. *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans,* 491 U.S. 350, 369 (1989). Under the *Younger* doctrine, a necessary prerequisite is that a party [prior to contesting the judgment of a state judicial tribunal in federal court] must exhaust his or her state appellate remedies before seeking relief in the district court. *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 608 (1975).

A district court that decides to abstain under *Younger* has the option to either dismiss the case without prejudice or hold the case in abeyance. *See Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006). In exercising this discretion, a district court should look at the nature of the state proceedings and determine whether the litigant will be able to address his or her federal claim on the merits in the state court proceeding. *Id.* The court should also consider whether there are any statute of limitations issues should the case be dismissed and the limitations clock continues to run. *Id.*

Derrick can address his constitutional claims in state court, and the federal statute of limitations for any habeas petition he might want to file will not begin to run until there is a guilty verdict and Plaintiff exhausts his remedies in the state

appellate courts. However, the time for seeking such review expires if Plaintiff does not appeal the state trial court's decision. Dismissal, therefore, is a better option than holding the case in abeyance. Accordingly, Derrick's claims against Leeds, Herburt, and Harpe are summarily dismissed without prejudice pursuant to *Younger*.

## IV. ORDER

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's claims against Defendants Geddis, Henry and Hayes are **DISMISSED WITH PREJUDICE**, and Plaintiff's claims against Defendants Leeds, Herburt, and Harpe are **DISMISSED WITHOUT PRJEUDICE**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 28, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 28, 2026, by electronic and/or U.S. First Class mail.

s/R. Thieme
Case Manager